554 F.2d 114
 Virginia Dare NEELY, Executrix of the Estate of Charles A.
Neely, Deceased, on his behalf and on behalf of
all members of a class similarly
situated, Appellant,
v.
UNITED STATES of America.
 No. 76-1113.
 United States Court of Appeals,
Third Circuit.
 May 5, 1977.
 
 Harold Gondelman, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., for appellant.
 Blair A. Griffith, U. S. Atty., Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., Richard L. Thornburgh, Asst. Atty. Gen., George W. Calhoun, Larry L. Gregg, Attys., Dept. of Justice, Washington, D. C., for appellee.
 Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.
 OPINION SUR DENIAL OF PETITION FOR REHEARING
 ALDISERT, Circuit Judge.
 
 
 1
 In its petition for rehearing, the government relies on two cases that were not raised in its brief. The government quotes from United States v. Testan, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976), to the effect that "the Tucker Act is merely jurisdictional, and grant of a right of action must be made with specificity." But the government fails to quote the very next sentence in the opinion: "The respondents do not rest their claims upon a contract; neither do they seek the return of money paid by them to the Government." Ibid. This case, of course, is precisely a case where the plaintiffs "seek the return of money paid by them to the Government" and, accordingly, we are not persuaded that our decision here is inconsistent with Testan.
 
 
 2
 The government has also relied for the first time in its rehearing petition on Kreiger v. United States, 539 F.2d 317 (3d Cir. 1976). Kreiger was simply a tax refund case, not involving constitutional issues, where this court refused to toll the tax refund statute of limitations, 26 U.S.C. § 6511(a), on a theory of fraudulent concealment by a third party. The case here is a constitutional case. Moreover, it does not concern a tax refund, not does it involve fraudulent concealment by any party. We, therefore, are unable to see how Kreiger requires a different result from the result we have reached on the question of the statute of limitations.
 
 
 3
 The petition for rehearing will be denied.
 
 SUR PETITION FOR REHEARING
 
 4
 Before SEITZ, Chief Judge, and VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN, HUNTER, WEIS and GARTH, Circuit Judges.
 
 
 5
 The petition for rehearing filed by Appellee in the above entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.
 
 
 6
 Judge GARTH would have granted rehearing in banc.